Robertson, Ch. J.
It was not necessary in this case, to obtain any order of the court for the delivery of a bill of particulars by the' defendant, if the set-off was of an account. within the meaning of the 158th section of the Code, It would only have been necessary .in case it was a claim within the meaning of the last clause of such section, and not an account. What is meant by an account in such section, is not very clear. It requires a copy of an account alleged in a pleading, to be delivered in ten days after a demand thereof, “ which (copy,) if the pleading is verified, must be verified by” the oath of the party or his agent that “ he believes it to be true.” The meaning of being, true is equally obscure; a copy that is true means nothing more, than a correct transcript of some original; it does not at all resemble the verification required pf a pleading by the preceding section. In the very outset it speaks of the allegation of an account, and not items forming one. Perhaps, however, it may be gathered from .the' whole section, that its object was to prevent prolixity in pleading, and to substitute a list of items in a separate inventory for their insertion in a pleading, in analogy to. a bill of particulars as required under the 'prior practice, resembling, somewhat, a bill of parcels. (Bagley’s Pr. 204.) If that be the proper meaning of account, in such section, the plaintiff was entitled to demand of the defendant such an account of his set-off, and on proof of service of such demand, and a failure to comply therewith, to preclude him from giving any evidence thereof.
I think it extremely doxxbtful whether the plaintiff could ' require a bill of particulars of the payments set up in the answer. Partial payments of money, to be applied to an *688 account generally, do not constitute a defense either to the whole or any part of the items composing it; they merely mitigate the damages, and therefore need not be pleaded, or they may amount to an offset. If pleaded, they would not give the plaintiff any more right to.a bill of particulars than he would have had if they had not been pleaded. Payment in full satisfaction and extinguishment of a claim must be pleaded, in order to be given in evidence, because it is a defense. If the mode of pleading it be defective, the remedy is by a demurrer, or motion to make definite and certain. I cannot understand the answer as setting up any thing but a full and complete defense by the absolute payment of the whole amount due the plaintiff, and satisfaction thereby of his claim. If defective in any particular in which it ought to be precise, the remedy is by motion.
But the plaintiff has not yet obtained any effective or final order affecting the merits of the case, or a substantial right. The order appealed from is merely one to show cause, in case the defendant did not furnish the required bill of particulars within the time specified. If the court, at special term, should commit any error on hearing that motion, it may be corrected on appeal; but the present is not an appealable order, under the 349th section of the Code, and the appeal, therefore, should be dismissed, with costs.
McCunn, J. concurred.